

FILED
MAY -2 2013
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA,

v.   ACTION NO. 2:12cr37

CRAIG PHILLIPS

and

TERRI LYNN NAGY-PHILLIPS,

   Defendants.

IN RE: THIRD PARTY CLAIMS BY:

KENNETH NAGY and MARILYN NAGY,

TRACEY NAGY,

S M PHILLIPS INCORPORATED,

   and

COMMUNITY CHOICE CREDIT UNION

## ORDER

Kenneth and Marilyn Nagy, Tracey Nagy, and S M Phillips Incorporated ("S M Phillips") each filed a third-party petition under 21 U.S.C § 853(n) asserting an interest in property ordered forfeited in the above-captioned criminal case. (ECF Nos. 48, 53, 54, & 56.)[1] The United States moved to strike the Petitions. (ECF Nos. 80, 81, & 82.) The court granted the Motions to Strike in part, finding that with respect to certain

---

[1] S M Phillips filed two identical petitions--one in each Defendant's case. (ECF Nos. 53 & 54).

of the claims, Petitioners had failed to state a claim upon which relief could be granted. Mem. Op. Order, Feb. 1, 2013. The court then referred the matter to United States Magistrate Judge Douglas Miller by Order of February 1, 2013, to conduct a hearing on the remaining claims and to submit to the undersigned Judge proposed findings of fact, if applicable, and recommendations for the disposition of these Petitions. See United States v. Totaro, 345 F.3d 989, 992 (8th Cir. 2003) (referring ancillary proceeding related to consent order of forfeiture to magistrate judge); United States v. Justus, No. 1:10CR00030, 2011 WL 2461342 (W.D. Va. June 17, 2011) (same); United States v. Agnello, 344 F. Supp. 2d 360 (E.D.N.Y. 2003) (same); see also Winkelman v. United States, No. 12-1638, 2012 WL 3679206 (3d Cir. Aug. 28, 2012) (referring to a magistrate judge defendant's post-conviction challenge to a forfeiture), cert. denied, 133 S. Ct. 773 (2012).

On March 13, 2013, a new claimant, Community Choice Credit Union ("CCCU"), filed a third-party petition asserting an interest in the same 2010 Chevrolet Camaro at issue in the Petition of Kenneth and Marilyn Nagy. (ECF No. 94.)[2]

---

[2] CCCU's Petition is untimely. See 21 U.S.C. § 853(n)(2) (providing a thirty-day period for third parties to assert a legal interest in forfeited property, which period runs from the final publication of notice or the third party's receipt of notice, whichever is earlier). The final publication of notice was effected on August 17, 2012. The written notice of criminal

2

Judge Miller conducted a hearing on March 15, 2013, and subsequently filed his Report and Recommendation ("R&R") on April 5, 2013. (ECF No. 96.) Judge Miller advised the court that counsel for Kenneth and Marilyn Nagy and the United States Attorney stipulated to an agreed resolution of the Nagys' remaining claims. R&R at 3. Likewise, counsel for S M Phillips and the United States Attorney agreed to dismiss the United States' claim to forfeiture of Sunburst Tanning. R&R at 4. With respect to Tracey Nagy's claim, Judge Miller found that Tracey Nagy "failed to prove by a preponderance of the evidence that she was a bona fide purchaser, reasonably without cause to believe that the [Harley Davidson] motorcycle was subject to forfeiture," and accordingly recommended that her remaining claim under the petition be denied. R&R at 4-10. Finally, Judge Miller recommended that the Petition of CCCU be dismissed as moot, because his recommendation will result in the Camaro being dismissed from the Order of Forfeiture. R&R at 3 n.1.

Judge Miller recommended that the court adopt the findings of fact and conclusions set forth in the R&R. He further

---

forfeiture the Government sent to CCCU was dated February 12, 2013, and incorrectly informed CCCU that it had thirty days from receipt of the written notice to file a petition. Thus, the court will equitably toll the limitations period of § 853(n)(2). See Mem. Op. Order, Feb. 1, 2013, at 3. Moreover, because CCCU's Petition asserts an interest in the same 2010 Camaro that is a subject of the Petition of Kenneth and Marilyn Nagy, Judge Miller considered CCCU's Petition.

recommended that the court enter a final order of forfeiture consistent with the preliminary orders of forfeiture entered July 13, 2012, as amended by the court's Memorandum Opinion and Order entered February 1, 2013, and incorporating the six amendments Judge Miller proposed in his R&R. R&R at 10-12.

By copy of R&R, the parties, including CCCU, were advised of their right to file written objections thereto. The court has received no objections to the R&R, and the time for filing objections has expired. The court does hereby adopt and approve in full the findings and recommendations set forth in the Report and Recommendation of the United States Magistrate Judge filed April 5, 2013. Accordingly, the Petition of Kenneth and Marilyn Nagy is **GRANTED** to the following extent: the Order of Forfeiture will be amended to remove the two gold rings, the 2010 Camaro, and the swimming pool, and to add a lien on the Camaro in the amount of $3,297.05 in favor of the victim, Continental Realty Services, Inc., and a money judgment in the amount of $30,562.00 in favor of the United States. (ECF No. 48.) The Petitions of S M Phillips are **GRANTED**. (ECF Nos. 53 & 54.) The Petition of Tracey Nagy is **DENIED**. (ECF Nos. 56.) The Petition of CCCU is **DISMISSED** as **MOOT**. (ECF No. 94.)

The United States is **DIRECTED** to file a proposed Final Order of Forfeiture consistent with this Order, the R&R, and the Memorandum Opinion and Order entered February 1, 2013, within

4

fourteen (14) days of this date of this Order. Additionally, the Clerk is **DIRECTED** to forward a copy of this Order to all parties of record.

**It is so ORDERED.**

/s/
Rebecca Beach Smith
Chief
United States District Judge

REBECCA BEACH SMITH
CHIEF UNITED STATES DISTRICT JUDGE

May 2, 2013

5